IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. _____

**FREDERICK STEVEN BLACK,**

        Plaintiff,

v.

**MARK CORUM, individually and officially, and CARLOS DUQUE, individually and officially,**

        Defendants.

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, Frederick Steven Black, by and through his undersigned counsel, complaining of the acts and omissions of the Defendant, requests a jury trial and alleges the following:

## INTRODUCTION

This is an action for violation of Plaintiff's rights under the Fourth Amendment of the U.S. Constitution and the common law of North Carolina for violation of his rights by Defendants who were Bessemer City police officers acting under color of law.

## JURISDICTION

1) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and §1367(a) and 42 U.S.C. § 1988.

## VENUE

2) Pursuant to 28 U.S.C. § 1391(b)(2) venue is proper in the Western District of North Carolina, the judicial district in which the events giving rise to the claims occurred.

3) Venue is also proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(1), as, upon information and belief, all defendants reside within the Western District of North Carolina.

## PARTIES

4) Plaintiff Frederick Steven Black is a citizen and resident of Gaston County.

5) Upon information and belief Defendant Mark Corum is a citizen and resident of Gaston County. At the time of the events set out herein Defendant Corum was a sworn officer of the Bessemer City Police Department. Corum is sued in his individual capacity as to the state law claims for conduct that was intentional, deliberate, malicious, willful and wanton and outside the scope of his legal authority and is not entitled to any public officer or governmental immunity that might otherwise shield him from liability. As to the Plaintiff's claim under 42 U.S.C. § 1983. Defendant Corum is sued for conduct taken under color of state law that violated the Fourth Amendment of the United States Constitution which is applicable to the Defendants pursuant to the Fourteenth Amendment. On the federal claim, Defendant Corum is sued in his individual capacity for placing Plaintiff under arrest while unlawfully assaulting him and for an objectively unlawful entry to his premises.

6) Upon information and belief Defendant Carlos Duque is a citizen and resident of Gaston County. At the time of the events set out herein Defendant Duque was a sworn officer of the Bessemer City Police Department. Duque is sued in his individual capacity under state law for conduct that was intentional, deliberate, malicious, willful and wanton and outside the scope of his legal authority and, thus, is not entitled to any public officer or governmental immunity that might otherwise shield him from liability. As to the Plaintiff's claim under 42 U.S.C. § 1983, Defendant Duque is sued for conduct taken under color of state law that violated the

Fourth Amendment of the United States Constitution which is applicable to the Defendants pursuant to the Fourteenth Amendment. On the federal claim, Defendant Duque is sued in his individual capacity for placing Plaintiff under arrest while unlawfully assaulting him and for placing Plaintiff under arrest with no probable cause, using force that was objectively unreasonable, and objectively unlawful entry to his premises and for testifying falsely before judicial officials concerning Plaintiff's actions and their unlawful; conduct as set out herein..

7) Defendant Bessemer City is an incorporated municipality organized under the laws of the state.

8) The Defendant Bessemer City employed the individual Defendants as police officers to carry out their duties on behalf of Bessemer City.

9) Defendant Bessemer City has waived immunity to its liability of the individual Defendants by the purchase of liability insurance and/or by participating in a local government risk pool.

10) In so doing the Defendant Bessemer City had waived any claim of governmental immunity.

## FACTS

11) Plaintiff lives at 103 East Main Street in Bessemer City.

12) Plaintiff lives with Ashley Killian, her son Kaleb Huskins, her daughter Autumn Huskins and, during visitation, with his daughter Maisy Black.

13) On the morning of February 26, 2017 Plaintiff and Ashley Killian were having a verbal disagreement in the kitchen of their home.

14) Kaleb became upset and left the house and went to the next-door neighbor's house.

15) Ashley Killian then walked outside to talk to Kaleb and ask him to return to the house.

16) At that point several cars of Bessemer City officers arrived on the scene.

17) One of the officers asked Ms. Killian if Plaintiff had assaulted her.

18) Ms. Killian advised that Plaintiff had not assaulted her, and at his request showed the officer her arms, face, neck and chest.

19) Ms. Killian showed no sign of any physical injury.

20) Ms. Killian advised the officer that her ex-husband was unhappy with her relationship with Plaintiff and had influenced Kaleb regarding her relationship with Plaintiff so that Kaleb had called the police for the three years that Plaintiff and Ms. Killian had been together.

21) The officers then asked Ms. Killian to have Plaintiff come out and talk with them.

22) She did so and Plaintiff stepped out of the house and spoke with an officer.

23) Plaintiff advised the officer that he and Ms. Killian had been arguing but there was no physical contact.

24) Plaintiff told the officer that they had just rented the house and could they complete their investigation and leave since he and Ms. Killian did not want issues with their landlord.

25) The two officers then asked Plaintiff to get his ID.

26) When Plaintiff went into the house the two officers Defendant Corum and Defendant Duque followed him without asking for permission as Plaintiff had told them they were not welcomed in the house.

27) Plaintiff retrieved his wallet and ID and returned to the screen door.

28) Defendant Corum then punched Plaintiff in his mouth and broke Plaintiff's front tooth.

29) Defendant Duque then grabbed Plaintiff's hand that was holding the ID and his wallet, pulled him back and slammed him to the ground.

30) Defendants took these actions in front of twelve-year old Maisy and Ms. Killian's five-year old daughter.

31) Once Plaintiff was on the ground, the Defendants repeatedly beat Plaintiff on his head and body.

32) During the beating Plaintiff's daughter Maisy was begging the Defendants to stop their beating.

33) While Plaintiff was on the ground the Defendants placed handcuffs on Plaintiff while one of the Defendants kept his knee on the back of Plaintiff's neck and continued to punch him.

34) At some point Ms. Killian and Sgt. Morgan came into the house while Plaintiff was laying in a pool of his blood.

35) When Ms. Killian saw the Defendants beating Plaintiff, she screamed at the Defendants asking why Plaintiff was being beaten and why he was in handcuffs.

36) One of the Defendant's pushed her into the wall then advised Ms. Killian that if she did not shut up and leave, she would be "put in jail for interfering".

37) Sgt. Morgan directed the Defendants to stop their beating of Plaintiff.

38) Defendants then took Plaintiff to a police cruiser where he was then taken by the neck and slammed against the cruiser and down to the ground breaking several ribs.

39) At this point Plaintiff asked Defendants if he could stand up because he was hurting badly around the front and back rib areas.

40) Defendants then told Plaintiff if he stood up, they would break his arm.

41) Defendants then talked briefly and retrieved a first aid kit from the trunk of the cruiser.

42) Defendants then told Plaintiff they would not take him to the emergency room unless he allowed them to clean up some of the blood from their beating.

43) When Plaintiff again advised that his back was hurting badly, Defendants told him the jail nurse would examine him and took him to jail.

44) Defendant Corum falsely advised the Magistrate that Plaintiff had "willfully resisted, delayed and obstructed the Defendant by jerking his hands away from said officer as he was being arrested for assault on a government official".

45) After the Plaintiff made bond of $2,000, he went to Caramont Health where he was treated for multiple contusions, multiple abrasions, closed fracture of multiple ribs and lacerations from the assault.

46) After the Defendants' appeared in Court, the Court on its own motion dismissed the charge against Plaintiff.

47) Plaintiff suffered from his injuries for months after the assault and lost pay and benefits.

### FIRST CLAIM FOR RELIEF
### False Arrest and False Imprisonment

48) Plaintiff incorporates the paragraphs set out above.

49) Defendants Corum and Duque are sued in both their individual capacity and official capacity as law enforcement officers of Bessemer City.

50) At the time of their actions as alleged herein the individual Defendants were on duty and were assigned to carry out their lawful duties which they failed to do.

51) Defendants placed Plaintiff in handcuffs without legal authority and with no probable cause, and had him placed in the Gaston County Jail until he was bonded out.

52) Defendants gave false statements to the Magistrate in order to cause Plaintiff's arrest and imprisonment.

53) By furthering injuring Plaintiff while in their custody Defendants acted willfully and maliciously.

54) Plaintiff is entitled to compensation damages due to the Defendants' false arrest and imprisonment.

55) Plaintiff seeks and is entitled to recover punitive damages against Defendants individually, to the extent allowed under Chapter 1D of the General Statutes, for the willful and malicious arrest and imprisonment of the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Assault and Battery

56) Plaintiff incorporates by reference all preceding paragraphs.

57) Defendants Corum and Duque are sued in both their individual capacity and official capacity as law enforcement officers of Bessemer City.

58) At the time of their actions as alleged herein the individual Defendants were on duty and were assigned to carry out their lawful duties which they failed to do.

59) Defendants' beating of Plaintiff constituted assault and battery.

60) Further, apart from the illegality of the arrest, Defendants deliberately, maliciously and willfully used excessive force in their beating of Plaintiff causing serious injury and in so acting, exceeded their lawful authority.

7

61) The Defendants' unlawful actions caused serious bodily injury to Plaintiff. Plaintiff suffered for months and has not fully recovered from his injury. Plaintiff incurred medical expenses and lost wages as a direct result of Defendants' unlawful actions.

62) Plaintiff seeks and is entitled to compensatory damages.

63) Plaintiff seeks and is entitled to recover punitive damages against Defendants individually, to the extent allowed under Chapter 1D of the General Statutes, for assaultive conduct that was intentional and malicious as well as willful and wanton.

### THIRD CLAIM FOR RELIEF:
### Trespass to Property/Unlawful Entry

64) Plaintiff incorporates by reference all preceding paragraphs.

65) Defendants Corum and Duque are sued in both their individual capacity and official capacity as law enforcement officers of Bessemer City.

66) At the time of their actions as alleged herein the individual Defendants were on duty and were assigned to carry out their lawful duties which they failed to do.

67) Plaintiff was in lawful possession of his home at all times relevant and described.

68) Defendants entered the Plaintiff's home without legal authorization prior to their beating of Plaintiff.

69) Plaintiff is entitled to actual and compensatory damages for the trespass.

70) The actions of the Defendants were willful, wanton and malicious and Plaintiff seeks and is entitled to punitive damages on this claim from the Defendants to the extent allowed by Chapter 1D of the General Statutes.

## FOURTH CLAIM FOR RELIEF
### Malicious Prosecution

71) Plaintiff incorporates the paragraphs set out above.

72) Defendants Corum and Duque are sued in both their individual capacity and official capacity as law enforcement officers of Bessemer City.

73) At the time of their actions as alleged herein the individual Defendants were on duty and were assigned to carry out their lawful duties which they failed to do.

74) Defendant Corum gave false statements to the Magistrate causing Plaintiff's imprisonment upon the entry of a Magistrates Order for assault of an officer and for resisting delaying Defendant Corum as a public officer.

75) After the individual Defendants appeared in court and prepared to give testimony in Court, the Court on its own motion dismissed the charge against Plaintiff.

76) Defendants Corum and Duque initiated the charges against Plaintiff, did so maliciously and without probable cause and the charges against Plaintiff were dismissed by the Court.

77) Plaintiff is entitled to compensation damages due to the Defendants' malicious prosecution of Plaintiff.

78) Plaintiff seeks and is entitled to recover punitive damages against Defendants individually, to the extent allowed under Chapter 1D of the General Statutes.

## FIFTH CLAIM FOR RELIEF:
### Violation of the Fourth Amendment: Assault-Excessive Force

79) Plaintiff incorporates by reference all preceding paragraphs.

80) Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 for violation of rights protected by the Fourth Amendment of the United States Constitution, which applies to the actions of the actions of Defendants under the Fourteenth Amendment. All actions complained of herein were taken under color of state law for purposes of 42 U.S.C. § 1983.

81) As set out above the individual Defendants beat Plaintiff in his home with no legal justification and slammed him against the police cruiser and the ground with no legal justification.

82) On this claim Defendants Corum and Duque are sued in their individual capacity

83) By their unlawful beating Defendants Corum and Duque caused serious injury to the Plaintiff.

84) Plaintiff seeks and is entitled to compensatory damages and all other damages for the injuries suffered due to the Defendants' Fourth Amendment violation.

85) Plaintiff also seeks punitive damages against Defendants Corum and Duque for their actions that were malicious, willful and wanton.

## SIXTH CLAIM FOR RELIEF:
### Violation of the Fourth Amendment: Unlawful Seizure and Arrest

86) Plaintiff incorporates by reference all preceding paragraphs.

87) Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 for violation of rights protected by the Fourth Amendment of the United States Constitution, which applies to the actions of the actions of Defendants under the Fourteenth Amendment. All actions complained of herein were taken under color of state law for purposes of 42 U.S.C. § 1983.

88) On this claim Defendants Corum and Duque are sued in their individual capacity.

89) As set out above the Defendants placed Plaintiff in handcuffs and taken into custody without a warrant and without probable cause that he committed a crime, and kept him in those handcuffs for an extended period of time while continuing their unlawful conduct

90) At the time the Defendants beat Plaintiff and slammed him against the cruiser and the ground they knew their conduct was unlawful.

91) Defendants placed Plaintiff under arrest without a warrant and with no probable cause as a pretext for justifying their unlawful conduct.

92) Having no basis to charge Plaintiff, Defendant Corum gave false testimony to the Magistrate. His actions constituted an unreasonable and unauthorized seizure in violation of the Fourth Amendment.

93) By his unlawful actions, Defendants caused injury to Plaintiff.

94) Plaintiff seeks and is entitled to compensatory damages for the injuries he suffered due to the Defendants' Fourth Amendment violation. Plaintiff also seeks and is entitled to recover punitive damages against the individual Defendants for their actions which were malicious, willful and wanton.

95) Additionally, Plaintiff seeks attorneys' fees pursuant to 42 U.S.C.§1988.

## PRAYER FOR RELIEF

Wherefore, upon the trial of this matter by a jury, Plaintiff prays the Court grant her the following relief:

(1) Compensatory damages on each claim;

(2) Punitive damages against Defendants to the extend allowed by law;

(3) The costs of this action, including reasonable attorney's fees under 42 U.S.C. §1988;

(4) Such other relief as the Court may deem just and proper.

This, the 24th day of February, 2020.

/s/   John W. Gresham
John W. Gresham
Tin, Fulton, Walker & Owen, P.L.L.C.
301 E. Park Avenue
Charlotte, NC 28203
Telephone:  (704) 338-1220
jgresham@tinfulton.com
*Attorney for Plaintiff*

*/s/*   Malcolm McSpadden
Malcolm McSpadden
283 West Main Avenue
P.O. Box 2336
Gastonia, NC 28053-2336
Telephone: (704) 868-2292
malmclaw@carolina.rr.com
*Attorney for Plaintiff*